1  Todd M. Friedman (SBN 216752)
   Nicholas J. Bontrager (SBN 252114)
2  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3  369 S. Doheny Dr., #415
   Beverly Hills, CA 90211
4  Phone: 877-206-4741
   Fax: 866-633-0228
5  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
6
7  *Attorneys for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT

JAN - 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8          UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
9
   CARRIE COUSER, on behalf of herself and    )   Case No. SACV13-00035-JVS (RNBx)
10 all others similarly situated,              )
                                               )   **CLASS ACTION**
11 Plaintiff,                                  )
                                               )   **COMPLAINT FOR VIOLATIONS OF:**
12                                             )
          vs.                                  )   1.   NEGLIGENT VIOLATIONS OF
13                                             )        THE TELEPHONE CONSUMER
   APRIA HEALTHCARE, INC. and DOES 1           )        PROTECTION ACT [47 U.S.C.
14 through 10, inclusive, and each of them,    )        §227 ET SEQ.]
                                               )   2.   WILLFUL VIOLATIONS OF
15 Defendants.                                 )        THE TELEPHONE CONSUMER
                                               )        PROTECTION ACT [47 U.S.C.
16                                             )        §227 ET SEQ.]
                                               )
17                                             )
                                               )
18                                             )   **DEMAND FOR JURY TRIAL**
                                               )
19                                             )
                                               )
20 _____)

21      Plaintiff Carrie Couser ("Plaintiff"), on behalf of herself and all others similarly

22 situated, alleges the following upon information and belief based upon personal knowledge:

23

24                             **NATURE OF THE CASE**

25      1.      Plaintiff brings this action for herself and others similarly situated seeking

26 damages and any other available legal or equitable remedies resulting from the illegal actions

27 of Apria Healthcare, Inc. ("Defendant" or "Apria"), in negligently, knowingly, and/or willfully

28 contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

1  Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2  **JURISDICTION & VENUE**

3      2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident

4  of California, seeks relief on behalf of a Class, which will result in at least one class member

5  belonging to a different state than that of Defendant, a company with its principal place of

6  business and State of Incorporation in California State.  Plaintiff also seeks up to $1,500.00 in

7  damages for each call in violation of the TCPA, which, when aggregated among a proposed

8  class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.

9  Therefore, both diversity jurisdiction and the damages threshold under the Class Action

10  Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

11      3.      Venue is proper in the United States District Court for the Southern District of

12  California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does

13  business within the state of California and within the County of Los Angeles.

14  **PARTIES**

15      4.      Plaintiff, Carrie Couser ("Plaintiff"), is a natural person residing in California

16  and is a "person" as defined by *47 U.S.C. § 153 (10)*.

17      5.      Defendant, Apria Healthcare, Inc. ("Defendant" or "Apria"), is a leader in

18  providing home healthcare goods and services and offers its services to individual consumers

19  on a nationwide basis and is a "person" as defined by *47 U.S.C. § 153 (10)*.

20      6.      The above named Defendant, and its subsidiaries and agents, are collectively

21  referred to as "Defendants."  The true names and capacities of the Defendants sued herein as

22  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

23  therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein

24  as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

25  Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants

26  when such identities become known.

27      7.      Plaintiff is informed and believes that at all relevant times, each and every

28  Defendant was acting as an agent and/or employee of each of the other Defendants and was

1    acting within the course and scope of said agency and/or employment with the full knowledge
2    and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the
3    acts and/or omissions complained of herein was made known to, and ratified by, each of the
4    other Defendants.

**FACTUAL ALLEGATIONS**

6        8.      Beginning in or around October 2012, Defendant contacted Plaintiff on her
7    cellular telephone, (909) 684-4164, in an attempt to collect an alleged outstanding debt owed
8    by her now deceased mother for home healthcare goods and services.

9        9.      Defendant placed multiple calls a day, no less than four (4) or five (5) to
10   Plaintiff's cellular telephone seeking to collect the alleged debt owed by her mother.

11       10.     Defendant used an "automatic telephone dialing system", as defined by *47*
12   *U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed
13   by "Melissa Walker."

14       11.     Defendant often left voicemail messages on Plaintiff's cellular telephone if
15   Plaintiff did not answer Defendant's calls.  In these messages, Defendant utilized an "artificial
16   or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A).*

17       12.     Defendant's calls constituted calls that were not for emergency purposes as
18   defined by *47 U.S.C. § 227(b)(1)(A).*

19       13.     Defendant's calls were placed to telephone number assigned to a cellular
20   telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. §*
21   *227(b)(1).*

22       14.     On several occasions, Plaintiff answered Defendant's telephone call and
23   informed an agent for Defendant that: 1) Plaintiff's mother had passed away and cannot be
24   reached on Plaintiff's telephone; 2) that Defendant has an incorrect telephone number and; 3)
25   that Defendant must cease placing such calls to Plaintiff.

26       15.     In response, Defendant's agents informed Plaintiff that Plaintiff's number would
27   be removed from Defendant's system and Plaintiff would not receive any further calls.

28       16.     Despite receiving this information on numerous occasions, Defendant continued

1  to place calls to Plaintiff, on her cellular telephone, using an "automated telephone dialing

2  system" and/or an "artificial or prerecorded voice."

3        17.    Plaintiff is not a customer of Defendant's services and has never provided any

4  personal information, including her cellular telephone number, to Defendant for any purpose

5  whatsoever.  Accordingly, Defendant never received Plaintiff's "prior express consent" to

6  receive calls using an automatic telephone dialing system or an artificial or prerecorded voice

7  on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A).*

8  **CLASS ALLEGATIONS**

9        18.    Plaintiff brings this action on behalf of herself and all others similarly situated,

10  as a member of the proposed class (hereafter "The Class") defined as follows:

11
12
13
14
15
> All persons within the United States who received any collection
> telephone calls from Defendant to said person's cellular
> telephone made through the use of any automatic telephone
> dialing system or an artificial or prerecorded voice and such
> person had not previously consented to receiving such calls
> within the four years prior to the filing of this Complaint

16        19.    Plaintiff represents, and is a member of, The Class, consisting of All persons

17  within the United States who received any collection telephone calls from Defendant to said

18  person's cellular telephone made through the use of any automatic telephone dialing system or

19  an artificial or prerecorded voice and such person had not previously not provided their cellular

20  telephone number to Defendant within the four years prior to the filing of this Complaint.

21        20.    Defendant, its employees and agents are excluded from The Class.  Plaintiff

22  does not know the number of members in The Class, but believes the Class members number in

23  the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in

24  the expeditious litigation of the matter.

25        21.    The Class is so numerous that the individual joinder of all of its members is

26  impractical.  While the exact number and identities of The Class members are unknown to

27  Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

28  informed and believes and thereon alleges that The Class includes thousands of members.

1 Plaintiff alleges that The Class members may be ascertained by the records maintained by

2 Defendant.

3      22.    Plaintiff and members of The Class were harmed by the acts of Defendant in at

4 least the following ways: Defendant illegally contacted Plaintiff and Class members via their

5 cellular telephones thereby causing Plaintiff and Class members to incur certain charges or

6 reduced telephone time for which Plaintiff and Class members had previously paid by having to

7 retrieve or administer messages left by Defendant during those illegal calls, and invading the

8 privacy of said Plaintiff and Class members.

9      23.    Common questions of fact and law exist as to all members of The Class which

10 predominate over any questions affecting only individual members of The Class. These

11 common legal and factual questions, which do not vary between Class members, and which

12 may be determined without reference to the individual circumstances of any Class members,

13 include, but are not limited to, the following:

14           a.    Whether, within the four years prior to the filing of this Complaint,

15             Defendant made any collection call (other than a call made for

16             emergency purposes or made with the prior express consent of the called

17             party) to a Class member using any automatic telephone dialing system

18             or any artificial or prerecorded voice to any telephone number assigned

19             to a cellular telephone service;

20           b.    Whether Plaintiff and the Class members were damages thereby, and the

21             extent of damages for such violation; and

22           c.    Whether Defendant should be enjoined from engaging in such conduct in

23             the future.

24      24.    As a person that received numerous collection calls from Defendant using an

25 automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's

26 prior express consent, Plaintiff is asserting claims that are typical of The Class.

27      25.    Plaintiff will fairly and adequately protect the interests of the members of The

28 Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

26.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.   Even if every Class member could afford individual litigation, the court system could not.   It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.   By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

31.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for

1 | each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

2 | 32.   Plaintiff and the Class members are also entitled to and seek injunctive relief
3 | prohibiting such conduct in the future.

4 | ### SECOND CAUSE OF ACTION

5 | **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

6 | **47 U.S.C. §227 et seq.**

7 | 33.   Plaintiff repeats and incorporates by reference into this cause of action the
8 | allegations set forth above at Paragraphs 1-32.

9 | 34.   The foregoing acts and omissions of Defendant constitute numerous and
10 | multiple knowing and/or willful violations of the TCPA, including but not limited to each and
11 | every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

12 | 35.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227*
13 | *et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory
14 | damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. §*
15 | *227(b)(3)(C)*.

16 | 36.   Plaintiff and the Class members are also entitled to and seek injunctive relief
17 | prohibiting such conduct in the future.

18 | ### PRAYER FOR RELIEF

19 | WHEREFORE, Plaintiff requests judgment against Defendant for the following:

21 | ### FIRST CAUSE OF ACTION

22 | **Negligent Violations of the Telephone Consumer Protection Act**

23 | **47 U.S.C. §227 et seq.**

24 | • As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*,
25 | Plaintiff and the Class members are entitled to and request $500 in statutory
26 | damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

27 | • Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 3rd Day of January, 2013.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____

Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>CARRIE COUSER, on behalf of herself and all others similarly situated | **DEFENDANTS**<br>APRIA HEALTHCARE, INC. and DOES 1 through 10, inclusive, and each of them, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Todd M. Friedman, Esq, Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415, Beverly Hills, CA 90211 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. 227, et seq., Telephone Consumer Protection Act ("TCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ SACV13- 00035 _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 3, 2013

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV13- 35 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, on behalf of herself and all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>APRIA HEALTHCARE, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV13-00035-JVS (RNBx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): APRIA HEALTHCARE, INC.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Todd M. Friedman _____, whose address is Law Offices of Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211 __. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN - 9 2013__

By: ____MARILYN DAVIS____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*