UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00035-JVS (RNBx) | Date | July 22, 2013 |
| Title | Carrie Causer v. Apria Healthcare Inc., et al. | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Failure to State a Claim (fld 6-17-13)

      The Court, having been informed that the parties submit on the Court's tentative ruling previously scheduled, hereby GRANTS IN PART AND DENIES IN PART the Plaintiff's Motion referenced above and rules in accordance with the tentative ruling as follows:

      Plaintiff Carrie Couser ("Couser") moves to dismiss Defendant Apria Healthcare's ("Apria") counterclaims against herself and the putative class for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim for relief under Rule 12(b)(6). (Motion, Docket No. 28.) The motion was timely opposed. (Opposition, Docket No. 30.) For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion to dismiss.

I.     Background

      Apria provides home healthcare products and services. (Opp. 3.) Beginning on November 4, 2010, Apria began providing said products and services to the Couser's mother, Virginia Smith. (Id.) In May 2011, Couser signed at least four written contracts with Apria, called Sales, Service and Rental Agreements ("SSRAs"), obligating Couser to pay Apria for medical products and services rendered to Ms. Smith. (Id.)

      On January 9, 2013, Couser filed a Complaint against Apria on behalf of herself and a putative nationwide class for transmitting phone calls via an Automatic Telephone Dialing System ("ATDS") to Couser and the class without their prior express consent in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00035-JVS (RNBx) | Date | July 22, 2013 |
| Title | Carrie Causer v. Apria Healthcare Inc., et al. | | |

violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Docket No. 1.)  It is not disputed that the underlying reason for the calls Apria placed to Couser and members of the putative class was debt they allegedly owed to Apria under the SSRAs.  (Mot. 5.)  On April 3, 2013, Apria filed its Amended Answer, containing a counterclaim for breach of contract against Couser individually ("Couser counterclaim") and for breach of contract and tampering and/or theft of Apria's equipment against the proposed class ("conditional counterclaims").  (Answer and Counterclaims)  The breach of contract counterclaims arise from the alleged failure of Couser and members of the putative class to pay for healthcare products and services provided by Apria pursuant to the SSRAs.  (Opp. 4.)

Couser now moves to dismiss defendant Apria's counterclaims against herself and the putative class for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim for relief under Rule 12(b)(6).  (Mot. 3.)

II.     Legal Standards

    A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

        Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint.  Fed. R. Civ. P. 12(b)(1).  A "jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true.  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations.  Safe Air, 373 F.3d at 1039.  The plaintiff bears the burden of establishing subject matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

        Under Rule 13, a counterclaim can be compulsory or permissive.  Rule 13(a), which governs compulsory counterclaims, states that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00035-JVS (RNBx)                              Date   July 22, 2013

Title   Carrie Causer v. Apria Healthcare Inc., et al.

> "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Fed. R. Civ. P. 13(a).

In defining a compulsory counterclaim, a transaction may be understood as a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Moore v. New York Cotton Exch., 270 U.S. 593, 610 (1926). The Ninth Circuit applies this logical relationship test to determine if a counterclaim arises out of the same transaction or occurrence. Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987). Under this test, "[a] logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant." In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992).

A permissive counterclaim does not arise out the same transaction or occurrence. Fed. R. Civ. P. 13(b). Federal courts have ancillary jurisdiction over compulsory counterclaims. McCaffrey v. Rex Motor Transp., Inc., 672 F.2d 246, 248 (1st Cir. 1982). Permissive counterclaims do not fall within the court's ancillary jurisdiction. Id. Therefore, permissive counterclaims may not be heard in federal court unless they have an independent basis of jurisdiction. Id.

Since the enactment of 28 U.S.C. § 1367, some courts have held that the distinction between compulsory and permissive counterclaims is no longer appropriate, and all counterclaims should be governed by Section 1367. See Rothman v. Emory Univ., 123 F.3d 446, 454 (7th Cir. 1997); Jones v. Ford Motor Credit Co., 358 F.3d 205, 212-13 (2d Cir. 2004). Under § 1367, supplemental jurisdiction is provided for state law claims that independently cannot qualify for federal jurisdiction but can still be heard in federal court when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of United States Constitution." 28 U.S.C. § 1367(a). To meet the Article III case or controversy standard, the state and federal claims must derive from a common nucleus of operative fact. United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00035-JVS (RNBx) | Date | July 22, 2013 |
| Title | Carrie Causer v. Apria Healthcare Inc., et al. | | |

Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

     Therefore, permissive counterclaims may qualify for supplemental jurisdiction under § 1367 if the counterclaims form part of the same case or controversy. Rothman, 123 F.3d at 454. This is because the "common nucleus of operative fact" standard under § 1367 is interpreted more broadly than the "same transaction or occurrence" standard necessary for compulsory counterclaims. See Channell v. Citicorp, 89 F.3d 379, 385-86 (7th Cir. 1996).

     While some courts allow § 1367 to govern both compulsory and permissive counterclaims, other courts maintain that supplemental jurisdiction only extends to compulsory counterclaims. See Oak Park Trust & Sav. Bank v. Therkildsen, 209 F.3d 648, 657 (7th Cir. 2000). The Ninth Circuit does not appear to have specifically addressed this issue. However, several district courts within the Ninth Circuit have held that a court may exercise supplemental jurisdiction over permissive counterclaims in appropriate situations. See, e.g., Sparrow v. Mazda, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005); Campos v. W. Dental, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005).

     Additionally, the Court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

     B.    Motion to Dismiss For Failure to State a Claim

     Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

Case 8:13-cv-00035-JVS-RNB Document 32 Filed 07/22/13 Page 5 of 8 Page ID #:232

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00035-JVS (RNBx)                        Date   July 22, 2013

Title      Carrie Causer v. Apria Healthcare Inc., et al.

(2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

III. Discussion

     A.     Supplemental Jurisdiction over the Couser Counterclaim is Proper

Couser argues that this court does not have supplemental jurisdiction over Apria's counterclaim against Couser for breach of contract because it is permissive, not compulsory. (Mot. 3.) Couser contends that "other than the incidental fact that the debt Defendant seeks to collect via its counterclaims are the same alleged debts which may have formed the purpose for some of its telephone calls, there are no other common facts," rendering the counterclaims permissive. (Mot. 6.) Therefore, if Apria's counterclaims are permissive, the Court cannot exercise supplemental jurisdiction because federal courts can only exercise supplemental jurisdiction over permissive claims if they have their own jurisdictional basis and there is no such independent basis in this case. (Mot. 10, 11.) Apria argues that its counterclaim against Couser derives from a common nucleus of operative fact as Couser's TCPA claim because both claims are similarly based on the same underlying debt and contractual relationship that would have led to Apria's calls to them to collect the debt. (Opp. 8.)(See Wilson v. Discover Bank, No. 3:12-cv-05209-RBL, 2012 U.S. Dist. LEXIS 72670, at *7 (W.D. Wash. 2012)) Apria also notes that both Couser's TCPA claim and Apria's counterclaim "turn on whether Ms. Couser owed unpaid debts to Apria"; if Couser did in fact owe said debt to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00035-JVS (RNBx) | Date | July 22, 2013 |
|---|---|---|---|
| Title | Carrie Causer v. Apria Healthcare Inc., et al. | | |

Apria and she provided her cell phone number in connection with the debt, that would constitute prior consent under the TCPA and Apria would not have violated the TCPA. (Opp. 9.)

     The Couser counterclaim for breach of contract is not compulsory because it does not "arise out of the same transaction or occurrence" as the TCPA claim.[1] The TCPA does not require proof that the underlying debt was valid, proof that a contract existed, nor proof of other obligations the parties owed. See 47 U.S.C. § 227. Apria's affirmative defense that the messages were permitted under the TCPA also does not require either party to prove the existence of a contract nor the validity of the underlying debt. (Docket No. 16.) Apria's counterclaim therefore, is a permissive one. Here, the Couser counterclaim, although not compulsory, nonetheless derives from a "common nucleus of operative fact" as the original TCPA claim, because both claims are related to an underlying debt and contractual relationship between Couser and Apria. Accordingly, this Court can properly exercise supplemental jurisdiction over Apria's counterclaim against Couser.

     Where supplemental jurisdiction exists, a district court may still decline to exercise such jurisdiction under any of four general justifications. 28 U.S.C. § 1367(c). Here, none of the four circumstances exist and, therefore, there are no grounds for the Court to decline to exercise supplemental jurisdiction.

     First, the breach of contract counterclaim for payment of an unpaid debt is not a "novel or complex issue of state law"; it is a routine state law claim. Second, the Couser counterclaim does not "predominate" over the original claims because of the amount of debt owed and the connection to Apria's affirmative defense. Third, the district court has not dismissed any of the original claims so § 1367(c)(2) is inapplicable. Finally, given the relatively small amount of the alleged debt- $258.20 plus costs and fees- it appears unlikely that the Court's exercise of supplemental jurisdiction over Apria's counterclaim against Couser would have a "chilling effect" on Couser's TCPA claim or future TCPA claims by other individuals. Moreover, the exercise of supplemental jurisdiction here will promote the goals of judicial economy and efficiency, as all claims related to the

---

[1] Apria does not attempt to argue that its claims are compulsory. However, the Court addresses the issue in the interest of being thorough.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00035-JVS (RNBx)                Date   July 22, 2013

Title   Carrie Causer v. Apria Healthcare Inc., et al.

alleged debt incurred by Couser will be resolved in a single action.

    B.    Motion to Dismiss for Failure to State a Claim

        1.    Couser Counterclaim

Couser argues that Apria's counterclaim against Couser fails to state a cause of action because it fails to specifically plead the contents of the alleged contract(s) or attach copies of the contracts to the counterclaims, in violation of the pleading standard set forth in Otworth v. Southern Pac. Transportation Co., 166 Cal. App. 3d 452, 458–459 (1985). The court disagrees. California code requirements do not apply in federal court. Indeed, federal courts have routinely refused to apply Otworth in federal cases.[2]

The vast majority of federal courts assess the sufficiency of counterclaims under the notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires that a counterclaim include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The underlying requirement of Rule 8 "is that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'" In re Sagent Tech., Inc. Derivative Litig., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (quoting Conley v. Gibson, 355 U.S. 41 (1957)).

The Court finds that Apria has adequately alleged the terms of the contract between itself and Couser. In its counterclaim against Couser, Apria expressly alleged the existence of a contract, its performance of the contract ("Apria provided the equipment and services it agreed to provide pursuant to those [SSRAs]"), and Couser's breach of contract terms and the subsequent harm to Apria ("[Couser] agreed to pay for any

---

[2] See, e.g., Cayo v. Valor Fighting & Mgmt. LLC, No. C 08–4763, 2008 WL 5170125 *2 (N.D. Cal. Dec. 9, 2008); Downtown Plaza LLC v. Nail Trix, Inc., No. C 08–cv–2001, 2008 WL 5099656, *3–*4 (E.D. Cal. Nov. 26, 2008), Kassa v. BP W. Coast Prods., LLC, No. C 08–02725, 2008 WL 3494677, *4, (N.D. Cal. Aug. 11, 2008), Wang & Wang, LLP v. Banco Do Brasil, S.A., No. C S–06–00761, 2007 WL 915232, *3 (E.D.Cal. Mar. 26, 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00035-JVS (RNBx) | Date | July 22, 2013 |
| Title | Carrie Causer v. Apria Healthcare Inc., et al. | | |

equipment and services Apria provided pursuant to the agreements...[and] has failed to pay a total of no less than $258.20 that is due. . .to Apria in breach of each of the four [SSRAs]"). (Answer and Counterclaims ¶¶ 10, 11, 14.) Further, Apria has directly quoted relevant sections of its contract with Couser. Taken together, these assertions clearly constitute a short and plain statement of the claim for relief and give adequate notice to Couser of the claim and the grounds on which it rests. Accordingly, the requirements of Rule 8 have been met and the Court denies Couser's motion to dismiss Apria's Couser counterclaim for breach of contract.

   2.   Conditional Counterclaims

While Apria is not required to meet the pleading standard set forth in Otworth, it is still obligated to comply with Federal Rule 8. Apria's conditional counterclaims contain no more than conclusory allegations of breach of contract, tampering and/or theft. (Answer and Counterclaims ¶¶ 5, 6.) Because Apria's conditional counterclaims fail to meet the pleading standard of Rule 8, the Court dismisses the counterclaims without prejudice. Apria may wish to bring these counterclaims should the class be certified at which time allegations can be set forth with greater specificity.

IV.   Conclusion

For the foregoing reasons, the Court grants in part and denies in part the motion to dismiss counterclaims.

   **IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |