KENNETH E. PAYSON (*Admitted Pro Hac Vice*)
  kennethpayson@dwt.com
ASHLEY L. WATKINS (*Admitted Pro Hac Vice*)
  ashleywatkins@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Tel:  (206) 622-3150
Fax: (206) 757-7700

SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Tel:  (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant and Counter-Plaintiff
APRIA HEALTHCARE LLC f/k/a
APRIA HEALTHCARE, INC.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APRIA HEALTHCARE, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant.<br><br>―――――――――――――――<br>APRIA HEALTHCARE, INC.<br><br>Counter-Plaintiff<br><br>vs.<br><br>CARRIE COUSER, an individual, on behalf of all others similarly situated<br><br>Counter-Defendants | Case No. **SACV13-00035-JVS (RNBx)**<br>[Assigned to Hon. James V. Selna]<br><br>**FINAL JUDGMENT**<br><br>Action filed:  January 9, 2013 |

THIS MATTER came before the Court on Representative Plaintiff's Motion for Final Approval of the Proposed Class Settlement. The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed settlement. Based upon this information, the Court has determined to approve the proposed settlement as fair, reasonable and adequate. The Court hereby enters this Final Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On October 27, 2014, this Court granted preliminary approval [Dkt. 45] to the proposed settlement between Representative Plaintiff and Defendant Apria Healthcare LLC (formerly known as Apria Healthcare, Inc.) ("Apria). The proposed settlement resolves all of the Class's claims against Apria in exchange for Apria's agreement to provide certain non-monetary relief, as well as Apria's agreement to pay claims made by eligible Class Members as set forth in the Settlement Agreement and Release of Claims ("Agreement") and debt forgiveness as set forth in the Agreement. On March 9, 2015, this Court held a fairness hearing to consider whether to grant final approval to the settlement and to consider Class Counsel's application for an award of attorneys' fees and costs. The Court heard argument from counsel. No one else elected to appear to voice their support for, or objection to, the settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the settlement, including supporting declarations; oral arguments of counsel; Class Counsel's Fee Application; the Agreement; and the pleadings, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.  The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

FINAL JUDGMENT — 1
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Plaintiff Settlement Class.

3. The Court approves the settlement and finds the settlement is, in all respects, fair, reasonable, and adequate to the Plaintiff Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Preliminarily Approving Class Settlement, Conditionally Certifying Settlement Class, and Approving Form and Manner of Notice ("Preliminary Approval Order"). Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order.

5. No members of the Class have timely requested to be excluded from the Class and the settlement. Accordingly, this Final Judgment shall bind all Class Members.

6. The Court hereby grants final approval to the settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. No objections have been brought to the Court's attention, whether properly filed or not.

7. Neither this Final Judgment nor the Agreement is an admission or concession by Apria of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Apria or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof,

FINAL JUDGMENT — 2
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. This Court hereby dismisses with prejudice all claims of Representative Plaintiff and members of the Settlement Class against Apria arising from the placement of telephone calls to any type of telephone line for any purpose, regardless of the theory of recovery or alleged wrongdoing as set forth in the Agreement.

9. Representative Plaintiff, for herself and as the representative of the Class, and on behalf of each Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10. By operation of this judgment, the Representative Plaintiff and Apria expressly waive, and each Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

FINAL JUDGMENT — 3
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

11. Apria completed the delivery of class notice according to the terms of the Agreement. The Notice given by Apria to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the settlement, and their opportunity to exclude themselves from, object to, or comment on the settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

12. Apria served a notice of the proposed settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that more than ninety (90) days have elapsed since Apria provided the required notice, as required by 28 U.S.C. § 1715(d).

13. Without affecting the finality of this judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, incentive fees, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Plaintiff Settlement Class for the purpose of enforcing and administering the Agreement.

FINAL JUDGMENT — 4
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

14. As an incentive payment in compensation for the time, effort, and risk she undertook as representative of the Settlement Class, the Court hereby awards $5,000 to Carrie Couser.

15. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Apria's agreement to certain debt forgiveness, non-monetary relief, and by making funds available to Class Members, subject to submission of valid claims by eligible Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Apria's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; and (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and cost request under the Agreement, and Class Counsel filed and posted their Fee Application in time for Class members to make a meaningful decision whether to object to the Fee Application. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of $195,000. All such fees are in lieu of fees and costs that Representative Plaintiff and/or the Class might otherwise have been entitled to recover.

FINAL JUDGMENT — 5
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

16. Apria shall pay the fee and cost awards to Class Counsel and the incentive fees to Representative Plaintiff, as well as amounts due to eligible Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

Dated this 13th day of March, 2015.

_____
THE HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

KAZEROUNI LAW GROUP, APC
*Attorneys for Plaintiff and Proposed Classes*

By  s/ *Abbas Kazerounian*
   Abbas Kazerounian (SBN 249203)
   245 Fischer Avenue, Suite D-1
   Costa Mesa, CA 92626-4539
   Telephone: (800) 400-6808
   Fax: (800) 520-5523
   Email: ak@kazlg.com

LAW OFFICES OF TODD M. FRIEDMAN
*Attorneys for Plaintiff and Proposed Classes*

By  s/ *Todd M. Friedman*
   Todd M. Friedman (SBN 216752)
   Nicholas J. Bontrager (SBN 252114)
   369 South Doheny Drive, Suite 415
   Beverly Hills, CA 90211
   Telephone: (877) 206-4741

FINAL JUDGMENT — 6
DWT 26410227v1 0025959-000028

```
Fax: (866) 633-0228
Email:
tdfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
```

HYDE & SWIGART
*Attorneys for Plaintiff and Proposed Classes*

By  s/ *Joshua B. Swigart*
    Joshua B. Swigart (SBN 225557)
    2221 Camino Del Rio South, Suite 101
    San Diego, CA 92108
    Telephone: (619) 233-7770
    Fax: (619) 297-1022
    Email: josh@westcoastlitigation.com

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Apria Healthcare LLC (formerly known as Apria Healthcare, Inc.), Defendant*

By:  s/ *Sean M. Sullivan*
    Sean M. Sullivan (SBN 229104)
    865 S. Figueroa Street, Suite 2400
    Los Angeles, California 90017-2566
    Telephone: (213) 633-6800
    Fax: (213) 633-6899

    Kenneth E. Payson (*Admitted Pro Hac Vice*)
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700

    Ashley L. Watkins (*Admitted Pro Hac Vice*)
    1300 SW Fifth Avenue, Suite 2400
    Portland, Oregon, 97201-5610

FINAL JUDGMENT — 7
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  Telephone: (503) 241-2300
   Fax: (503) 276-5793
2  E-mail: seansullivan@dwt.com
           kenpayson@dwt.com
3          ashleywatkins@dwt.com
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

FINAL JUDGMENT — 8
DWT 26410227v1 0025959-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700